and we'll move to the second case for today, United States v. Belcher Pharmaceuticals. Okay. Mr. Conigliero. You're muted, I think. Although it doesn't say you are, I can't hear you. Good morning, Your Honor. Good morning. My name is Matt Conigliero. I am here today on behalf of the appellants in this case, Belcher Pharmaceuticals and Meijer Tenasia. We are here because the district court refused to set aside civil investigative demands that the government issued in excess of its authority under the false claims. Okay, so the government says that it has now withdrawn those and that it has sued your client and can use the full panoply of pretrial discovery to get what it wants. And what I'm wondering, and now the appeal is moot. So what I'm wondering is this, I know you said, well, what's this withdrawal? Well, we filed a lawsuit, right? And as I read the statute, the statute that governs civil investigative demands, someone who is served with one can go to court, move to vacate it. And that's not happened. I mean, you filed the suit, but it hasn't been vacated. And what's to say the government won't later say, oh, well, that CID that we served on you, we in fact do want you to comply with it. So would you be satisfied that the case is moot if we were to get the two of you to agree that the remedy here, the government now says that it's withdrawing them. They don't want to enforce the CID. Would it be appropriate for us to vacate the order of the district court and remand with instructions to vacate the CID based on the government's concession and handle it that way? Your Honor, if this appeal or this case is now moot, then those would be the appropriate steps for the court to take. No, I'm saying they say that they're withdrawing. What I'm suggesting is that I tell them to put up or shut up. I'm not going to dismiss the appeal as moot. I'm going to, by stipulation of the parties, vacate the order of the district court and remand with instructions to vacate the CID, which is precisely what you wanted the district court to do in the first place. I'm not saying dismiss the appeal as moot. I am saying we wouldn't be issuing a presidential opinion about it. It'd be by agreement of the parties and it gives you the relief you wanted in this case. Do you see my point? I appreciate Your Honor's point. Because I'm going to tell you now, if you want us to reach the merits, you may not like it. I appreciate Your Honor's sincerity and candor. Standing here, I am not authorized to make that stipulation. I do believe if the court believes that the case is moot, then it should vacate the district court's decision and perhaps with directions to vacate the CIDs as well. No, no, no. What we would do then is this. We would vacate the order of the district court and remand with instructions to dismiss the case as moot. That's different. Okay? And I see your argument. I see some power to your argument that there's nothing in the statute that says the government can just withdraw a CID. That's your argument, isn't it? Yes, Your Honor. The CID's been served on your client and the statute provides for a remedy, which is to go to court and ask that it be vacated, which is why we're here, right? Yes. You did that. The district court did not vacate it. You think that was an error. The government says it's no longer relying on the CID. And I'm just, I'm trying to cut to the chase here. You see, I mean, you asked for a form of relief that I'm telling you, if the government's serious about what it's asking for, we could order the district court to give you exactly what you asked for. Vacating the CID? And you're telling me that's not good enough for you? I'm not, Your Honor. I'm in a position where I'm not authorized to sort of make that decision. You're just not sure what your client's position about that would be, is what you're saying. Is that right? Yes, in the sense I'm not authorized to give an answer to that situation. I will agree with Your Honor that if the court were to do that, you will have given us the relief- To set aside the CIDs. Yes, Your Honor. Yeah, right. Okay. Now, the reason we came to court was because the CIDs at their inception were invalid. 3733 is the governing statute here. Well, now the government is saying they've withdrawn the CIDs. If you're not satisfied with their representation, what is it that you contend they should have done in order to effectuate the withdrawal? Your Honor, the statute doesn't have a mechanism to withdraw the CIDs. I think what they could have done is agreed when we petitioned to set them aside that they should be set aside. But what they've done here is one week before the oral argument, they've just sent an email saying, we're withdrawing the CIDs. And there's no mechanism under the statute to do that. So it's been our position that- Is there a mechanism under the rules of the law under the rules of civil procedure to withdraw a subpoena once it's been issued? Not under, I don't believe so under the rules, Your Honor. But I believe case law recognizes there may be situations. What you do is you quash, you move to quash. And in the course of litigating, if the party says, you know, they got a point, they send you an email or tell the court, hey, we're withdrawing the subpoena, right? And that happens, Your Honor, yes. Right, and we've said that this is the equivalent of an administrative subpoena. So I'm having trouble understanding why without an explicit statutory authorization to withdraw where the government says, white flag, you won, you won, you won, you know, why that's not moot? Well- Especially under the rubric that the chief asked you about. And it may be that before this argument is over, I have authorization to offer the court a different answer. But do you want to stop now and say the time that you haven't used for rebuttal? And let's hear from the government. If the court would like me to do that or would allow me to do that, then I'm happy to do that. You can do that. I'll give you three and a half extra minutes for rebuttal, Valerie. And let's hear from the government. And let's see how much the government is really willing to say that it's withdrawing the CIDs. Good morning, your honors. May it please the court, Sean Siakinen for the United States. We are absolutely willing to put up and I have authority to do so. And I don't have much to say at this point- And you would not object to an order from the court that just vacates the order of the district court and remands with instructions to vacate the CIDs? No, and I don't have much else to say at this point, but there are just a few brief contextual points that I feel like I probably should make in light of what's been said. The first point is that the authority to withdraw is implicit in the authority to issue CIDs, as is the case with any other form of discovery request getting to Judge Lux's point. And we're not aware of any case- She would agree with me that this would remove any doubt whatsoever. It's not precedential. We're not saying we're issuing a published opinion says this is the only way you can withdraw. But one of the... You say it's implicit, but there is an explicit remedy for your adversary here to go to court and have the court vacate. And there can be no doubt that if we were to vacate the order of the district court and remand with instructions to vacate the CIDs, that gives your adversary everything that they asked for. Plus, it makes clear that you're serious, that what you're saying is implicit is now explicit. You don't intend to enforce the CID, right? Right, and the only other point that I would make in response to that, Your Honor, is that when an appellant's counsel first informed me that they might oppose our suggestion of mootness, which frankly surprised us, we weren't anticipating, I told him at the outset, very clearly, that if this was a concern, the government would be willing to waive or stipulate or provide whatever further sort of written assurance that he needed, that we had no intention to reissue these CIDs. And his eventual response was, well, we intend to oppose mootness regardless. And so therefore, at that point, we filed our opposed suggestion of mootness. It was not how we anticipated this going, but that's sort of how we got to this point, Your Honor. Okay, well, I understand your point. Look, I have, I mean, I would tell you, if we were to reach the merits, I think the CIDs are person-specific, not investigation-specific. I think the district court was, I can only speak for myself. Well, and- I think the district court was right. I absolutely agree with you for the reasons in our brief, and I also have several other points that I came prepared to discuss today. We didn't really discuss that in the opening, so I don't know the right to get that into it here, because as I understand your point, your position, your position is you have no intention, the government has decided, look, we want to have litigation now against these parties, and we're no longer pursuing the CIDs. We mean it once and for all, we're finished with that. That's absolutely correct, Your Honor. I just wanted to make clear that we were by no means reticent about the strength of our argument on the merits. I just didn't withdraw these CIDs to moot this appeal. I didn't understand you to be reticent about it, because after all, you've now filed suit against us. So you've taken it a step further, it seems to me. Can I jump in there? Because what your opposing counsel says, and again, this may come up in the rebuttal, but what your opposing counsel says is you have not filed suit against Belcher Pharmacy. You've only filed suit against the individual here, and that because you haven't, and because the view is that this is person-specific as opposed to investigation-specific, that if for some reason this case is stayed, which is possible, as you know, because once there's an outstanding criminal investigation or a criminal grand jury investigation, the stay might be entered at some point, if there is one, and if it's possible, since we know that happened in the prior proceeding, that we'll be back in the same spot that we've been in. And you would be right if, assuming your view is correct, and I'm happy to say that I agree with Judge Pryor's reading. I read it the same way, that this is person-specific and not investigation-specific, and I thought the district court inclined to agree with how the district court handled this, but we'd be back in the same position, which is why it's not moot. So I guess that's a long way of saying, why is this not moot, at least as to Belcher, and at least under those circumstances? Because the mootness standard requires more than some remote metaphysical possibility that the alleged wrong could perhaps recur. It requires, quote, a reasonable likelihood, and there is no reasonable like... So first of all, as to Mr. Tanasia, everybody now agrees that the United States does not have authority to reissue the CID to him. That's why I didn't ask about him. Right, so as to Belcher, this is why in my very first conversation with Appellant's counsel, before we filed our suggestion of mootness, I volunteered that we will be willing to waive or relinquish, provide whatever sort of written guarantee he'd like that we do not intend to reissue as to Belcher. Going forward. Going forward. Okay. Okay, I see. And does anyone else have any other questions? Okay, Mr. Conant-Gallero, what more do you want? Your Honor, I apologize that I'm hoping for a communication that hasn't arrived yet. What we've asked for is for the CIDs to be set aside. And it... And what I'm offering you today, as I feel like I'm the host of Let's Make a Deal, is an order that remains with instructions to the district court to vacate the CIDs, precisely what you asked for. It'd be a good meeting either, Chief. And I thank the court, first of all, and just to make sure I understand, we would be agreeing that the district court's decision would be vacated and that the CIDs would be set aside. And if that is the case, then I am authorized to say we'll agree to that. Okay. Okay. Well, then maybe what would be good, Mr. Senekin, is to have the government file a motion that asks the court to vacate the order of the district court and remand with instructions to vacate the CIDs. We'll do so. And Mr. Canegliero, would you agree to a joint motion that does that? Either a joint motion or I can represent now that that motion would be- Will not be opposed. Yes, Your Honor. Okay. And Chief, I would just ask that counsel for the government that you include the representation you made here that there's no intention going forward to seek a CID against Belcher Pharmacy. Well, to clarify, Your Honor, we could represent that we have no intention to reissue the CID, but I'm not entirely sure what my opposing- I think that's all you need to say. Okay, yes. Thank you. We'll be willing to represent that.  Thank you, Your Honor. Okay. It's good doing business this morning. Thank you very much, Your Honor. I feel like Judge Marks. I feel like I'm in your neck of the woods. That's right. Resolving cases all over the place. Okay. Okay, gentlemen, thank you very much. We'll move to our... I thought the case presented some interesting issues, but we'll move now to the third case.